UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.  1:19-cr-0310-JPH-MJD |
| SAMUEL CHINNIS, | ) ) ) | - 01 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On May 21, 2020, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 15, 2020.  Defendant Chinnis appeared in person with his appointed counsel Gwendolyn Beitz.  The government appeared by Steve DeBrota, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Chinnis of his rights and provided him with a copy of the petition.  Defendant Chinnis orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Chinnis admitted violation numbers 1, 2, and 3.  [Docket No. 11.]  Government orally moved to withdraw the remaining violation, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of up to 90 days. You shall abide by the rules and regulations of the facility."** |

On April 27, 2020, Mr. Chinnis was observed exiting the shower at the Volunteers of America (VOA) fully clothed. He was unstable in his gait and had slurred speech. He was asked if he used any type of an intoxicant, to which he did not respond. He was drug tested by the VOA, but the result is still pending. A urine sample was collected by the U.S. Probation Officer on April 30, 2020, and the sample returned positive for synthetic cannabinoids.

On April 28, 2020, Mr. Chinnis was observed in the shower area of the VOA with another resident who was smoking what appeared to be a marijuana cigarette. When asked to hand over the cigarette, the resident refused and swallowed it. Both the resident and Mr. Chinnis were escorted to the first floor to provide a urine sample. While en route, the offender stated he did not care about being caught.

On May 4, 2020, VOA staff smelled smoke coming from the bathroom of the facility. Inside a bathroom stall were Mr. Chinnis and another resident. He was asked for what they were smoking, and the offender stated "What are you talking about." Mr. Chinnis was informed he was being written up.

On May 14, 2020, Mr. Chinnis was caught on the VOA residence floor rolling what appeared to be marijuana. A female corrections officer was on the floor, and confronted the offender and told him to report to the first floor. Mr. Chinnis started to walk to the first floor and returned and asked why he was being sent to the first floor. The officer stated she did not know and he stated "yes you do snitch and keep my motherfuc**** name out your mouth." He was asked to again what he said, and he stated "are you deaf," and repeated the same. When the officer stated she was doing her job, he responded "fu** you." The VOA has stated they want him removed due continued non-compliance and officer safety.

| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On April 30, 2020, Mr. Chinnis submitted a urine sample which tested positive for synthetic cannabinoids. He denied use, and the sample was forwarded to Alere Laboratory where it confirmed as positive.

3    **"You shall not consume alcohol and shall cooperate with any testing methods to determine if you have consumed alcohol."**

      As previously reported to the Court, on December 1, 2019, Lawrence Police Department made contact with Mr. Chinnis, who was intoxicated and sitting in his vehicle outside of his home. On December 3, 2019, the offender admitted to the probation officer he was drinking alcohol on December 1, 2019.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The government recommended a sentence of eight (8) months with no supervised released to follow. Defendant recommended incarceration for the remainder of his supervised release with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of four (4) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 5/22/2020

                                                    Doris L. Pryor
                                                    United States Magistrate Judge
                                                    Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system